UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

| | | |
|---|---|---|
| TANYA GILES, | ) | |
| | ) | |
| Plaintiff, | ) | **AMENDED COMPLAINT** |
| | ) | |
| -against- | ) | **11 Civ. 0936 (PAC)(HP)** |
| | ) | |
| THE CITY OF NEW YORK; POLICE SERGEANT | ) | |
| ANGEL GONZALEZ, Shield No. 4646; POLICE | ) | **JURY TRIAL DEMANDED** |
| OFFICER PEDRO GOMEZ, Shield No. 20454; | ) | |
| POLICE OFFICER CHARLIE LITTLE, Shield No. | ) | **ECF CASE** |
| 28363; POLICE OFFICER DAPHNEY | ) | |
| PAMPHILE, Shield No. 4657; POLICE OFFICER | ) | |
| ADRIANO CONTRERAS, Shield No. 13838; | ) | |
| POLICE OFFICER ALEXANDER RAPP, Shield | ) | |
| No. 22508; POLICE OFFICER CHARLES O. | ) | |
| AWANI, Shield No. 03219; POLICE OFFICER | ) | |
| BIENVENI MENA, Shield No. 7584; POLICE | ) | |
| OFFICER MARK B. LOPEZ, Shield No. 24420; | ) | |
| JOHN DOES; RICHARD ROES; PAUL POES, | ) | |
| | ) | |
| Defendants. | ) | |

---------------------------------------------------------------X

## PRELIMINARY STATEMENT

1.     This is a civil rights action in which the plaintiff TANYA GILES seeks relief for

the defendants' violation of her rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section

1983, by the United States Constitution, including its First, Fourth and Fourteenth Amendments,

and by the laws and Constitution of the State of New York.  Plaintiff seeks damages, both

compensatory and punitive, affirmative and equitable relief, an award of costs and attorneys'

fees, and such other and further relief as this court deems equitable and just.

1

## JURISDICTION

2.      This action is brought pursuant to the Constitution of the United States, including its First, Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983.  Jurisdiction is conferred upon this court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

3.      The plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

## JURY TRIAL DEMANDED

4.      Plaintiff demands a trial by jury on each and every one of her claims as pleaded herein.

## VENUE

5.      Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c).

## NOTICE OF CLAIM

6.      Plaintiff filed a notice of claim with the Comptroller of the City of New York on February 10, 2010 concerning the incident that occurred on November 13, 2009.  Plaintiff filed a notice of claim with the Comptroller of the City of New York on May 3, 2010 concerning the incident that occurred on February 4, 2010.  Plaintiff filed a Notice of Claim on July 16, 2010 concerning the July 13, 2010 dismissal of the charges against her stemming from the incident on February 4, 2010.  More than 30 days have elapsed since service of these Notices of Claim, and

adjustment or payment thereof has been neglected or refused.

## PARTIES

7.      Plaintiff TANYA GILES is a citizen and resident of the United States.  Plaintiff was at all times relevant herein a resident of the State of Tennessee, and at other times a resident of the State of New York, Bronx County.

8.      Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible.  Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

9.      Defendants POLICE SERGEANT ANGEL GONZALEZ; POLICE OFFICER PEDRO GOMEZ; POLICE OFFICER CHARLIE LITTLE; POLICE OFFICER DAPHNEY PAMPHILE; POLICE OFFICER ADRIANO CONTRERAS; POLICE OFFICER ALEXANDER RAPP; POLICE OFFICER CHARLES O. AWANI; POLICE OFFICER BIENVENI MENA; POLICE OFFICER MARK B. LOPEZ; and JOHN DOES, are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department (NYPD), a municipal agency of defendant THE CITY OF NEW YORK.  Defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting

3

for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW

YORK and the New York City Police Department, and were otherwise performing and engaging

in conduct incidental to the performance of their lawful functions in the course of their duties.

Defendants POLICE SERGEANT ANGEL GONZALEZ; POLICE OFFICER PEDRO GOMEZ;

POLICE OFFICER CHARLIE LITTLE; POLICE OFFICER DAPHNEY PAMPHILE; POLICE

OFFICER ADRIANO CONTRERAS; POLICE OFFICER ALEXANDER RAPP; POLICE

OFFICER CHARLES O. AWANI; POLICE OFFICER BIENVENI MENA; POLICE OFFICER

MARK B. LOPEZ; and JOHN DOES, are sued individually and in their official capacity.

      10.     Defendants POLICE SERGEANT ANGEL GONZALEZ and RICHARD ROES

are and were at all times relevant herein duly appointed and acting supervisory officers, servants,

employees and agents of THE CITY OF NEW YORK and/or the New York City Police

Department, responsible for the training, retention, supervision, discipline and control of

subordinate members of the police department under their command.  Defendants are and were

at all times relevant herein acting under color of state law in the course and scope of their duties

and functions as supervisory officers, agents, servants, and employees of defendant THE CITY

OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in

them by THE CITY OF NEW YORK and the New York City Police Department, and were

otherwise performing and engaging in conduct incidental to the performance of their lawful

functions in the course of their duties.  Defendants POLICE SERGEANT ANGEL GONZALEZ

and RICHARD ROES are sued individually and in their official capacity.

## **STATEMENT OF FACTS**

      11.     Plaintiff has been the victim of a continuing course of harassing, retaliatory

conduct by the Defendants, including but not limited to the following incidents, stemming back to July 3, 2008.

**The July 3 and 4, 2008 Incidents**

12.     On July 3, 2008 Plaintiff was present when the police beat up a male acquaintance of hers from the neighborhood while arresting him.

13.     Plaintiff began to take photos and video of this police misconduct with her cell phone.

14.     One of the police officers knocked the cell phone from Plaintiff's hands.

15.     Plaintiff picked up her phone and said loudly to her acquaintance in sum and substance, as the police were in the process of placing him into the police van, and within earshot of the police, "don't worry, I got it all on my phone."

16.     Plaintiff then left the location.

17.     The next day, July 4, 2008, as Plaintiff was taking a walk in her neighborhood, multiple police cars pulled up to Plaintiff.

18.     JOHN DOE defendant police officers including, on information and belief, Defendant CONTRERAS emerged from those cars, and placed Plaintiff under arrest without any explanation.

19.     Plaintiff was taken to the NYPD 46th Precinct for processing, where she was told she had been arrested due to her involvement in a crack sale.

20.     Plaintiff had had absolutely nothing to do with any crack sale.

21.     At the 46th Precinct Plaintiff's phone – on which she had recorded the video and taken the photographs of her acquaintance's beating by the police the day before – was

5

confiscated from her by the police.

22.     When Plaintiff received her phone back upon her release from police custody all of the photos and video she had taken of her acquaintance's beating had been erased by the police.

23.     The only image from the incident the day before that the police left stored in the phone's memory was an innocuous picture that Plaintiff had taken of the police van.

24.     Plaintiff was strip searched at the 46th Precinct, on information and belief by Defendant PAMPHILE.

25.     Plaintiff was held at the 46th Precinct for a number of hours, and then taken to Bronx Central Booking, where she was held until her arraignment on July 5, 2008.

26.     Plaintiff was charged with one felony count of Criminal Sale of a Controlled Substance in the 3rd degree, PL § 220.39(1), one felony count of Criminal Sale of a Controlled Substance in the 3rd degree, PL § 220.16(1), and one misdemeanor count of Criminal Possession of a Controlled Substance in the 7th Degree, and bail was set in the amount of $11,000.

27.     Defendant POLICE OFFICER CONTRERAS was the complainant on the Criminal Court complaint lodged against the Plaintiff, the factual portion of which alleges that, on or about July 4, 2008, at approximately 4:30 p.m., in the vicinity of Grand Avenue and West 183rd Street, Bronx, NY, he observed the Plaintiff speak with another individual who was apprehended separately, that the other individual handed Plaintiff money in exchange for a small object, and that when the other individual was apprehended separately he had a piece of paper in his pocket containing a white rock-like substance that was believed to be crack cocaine.

28.     As concerns the Plaintiff, these allegations are outright lies.

29.     Plaintiff did not exchange any small object for money with anyone on the date in question.

30.     Plaintiff was held in custody at Rikers Island until July 10, 2008, when she was released on her own recognizance.

31.     After a total of five court appearances, all charges against the Plaintiff were dismissed in their entirety on February 25, 2009.

32.     Plaintiff filed a complaint with the New York City Civilian Complaint Review Board (CCRB) stemming from these incidents.

33.     On information and belief, Defendant GONZALEZ and other members of the NYPD were required to give statements to the CCRB as part of the CCRB's investigation into these incidents.

**The February 14, 2009 Incident**

34.     On February 14, 2009 Plaintiff was heading back home from the store when out of nowhere she was arrested by JOHN DOE defendant police officers including, on information and belief, Defendants GONZALEZ, GOMEZ, LITTLE, and CONTRERAS, without any explanation.

35.     Plaintiff was taken to the 46th Precinct for processing, where she was – other than those times when she was permitted to use the lavatory - handcuffed to a bench, and then to a radiator, for many hours.

36.     The handcuff that attached Plaintiff's hand to the radiator was unreasonably tight and caused the Plaintiff pain.

37.     Plaintiff complained about the tightness of the handcuff, but it was not loosened.

38.     While handcuffed to the radiator, Plaintiff asked Defendant GONZALEZ why he kept arresting her.

39.     Defendant GONZALEZ cursed at Plaintiff and called her a bitch, and responded, in sum and substance, that any time and anywhere he sees her he was going to arrest her.

40.     Plaintiff was strip searched at the 46th Precinct, on information and belief by Defendant PAMPHILE.

41.     At the 46th Precinct, her phone was vouchered and has not been returned to the present day, as it is being held by the property clerk as evidence, despite the dismissal of the charges against the plaintiff.

42.     Plaintiff was taken from the 46th Precinct to Bronx Central Booking, where she was arraigned on February 15, 2008 and released on her own recognizance.

43.     Defendant POLICE OFFICER CONTRERAS was once again the complainant on the Criminal Court complaint lodged against the Plaintiff, the factual portion of which alleges that, on or about February 14, 2009, at approximately 12:05 a.m., 12:15 a.m., and 1:00 a.m. at the southeast corner of Grand Avenue and West 183rd Street, Bronx, NY, he observed the Plaintiff engage in two separate sales of marijuana, by handing two separately apprehended individuals, one of whom was a juvenile, small objects in exchange for money, and that the Plaintiff was in "custody and control" of what was believed to have been marijuana that was allegedly found on the floor of the police transport vehicle into which she had been placed.

44.     In total, Plaintiff was charged with seven marijuana sale and possession charges (one of which was a felony charge) on this Criminal Court Complaint.

45.     In the Criminal Court complaint Defendant CONTRERAS states that he is

8

informed by Defendant GOMEZ that Defendant GOMEZ recovered what was believed to have been marijuana from both of the separately apprehended individuals.

46.     In the Criminal Court complaint Defendant CONTRERAS also states that he is informed by Defendant GOMEZ that both of the separately apprehended individuals - both of whom were apprehended separately from not only the Plaintiff but from each other as well - threw the alleged marijuana to the ground.

47.     In the Criminal Court complaint Defendant CONTRERAS also states that he is informed by Defendant LITTLE that 24 ziplock bags of what was believed to have been marijuana were allegedly recovered from the floor of the transport van where Plaintiff was seated, and which were attributed as being in Plaintiff's "custody and control."

48.     As concerns the Plaintiff, these allegations are outright lies.

49.     Plaintiff does not know these other individuals who were separately apprehended by the police, and did not exchange any small object(s) for money with anyone on the date in question.

50.     After a total of 6 court appearances, all charges against the Plaintiff were dismissed in their entirety on August 26, 2009.

**The June 2, 2009 Incident**

51.     On June 2, 2009 Plaintiff was outside of a store located at the corner of Grand Avenue and 183rd Street, Bronx, NY.

52.     JOHN DOE Police Officers entered the store and arrested Plaintiff's friend, who was inside of the store.

53.     The police then came out of the store and arrested the Plaintiff.

9

54.     The police put Plaintiff and her friend in a police van.

55.     Plaintiff began to panic that the Defendants were again trying to set her up, and began to kick the van window.

56.     The van took Plaintiff to another location in the neighborhood, at which Defendants GONZALEZ, GOMEZ, and LITTLE were present.

57.     Defendants removed Plaintiff very roughly from the police van.

58.     Defendant GOMEZ intentionally, without cause or justification, slammed Plaintiff's head into the door frame of a police car as he transferred the plaintiff, handcuffed, into that vehicle.

59.     Defendant GONZALEZ  intentionally, without cause or justification, kicked Plaintiff's leg as she attempted to step into the police car.

60.     As the Plaintiff was roughly put into the police car, her handcuffs, which had not been properly double-locked, tightened on her wrists and caused her great pain.

61.     While Plaintiff was in the police car she complained that her handcuffs were causing her great pain.

62.     The JOHN DOE defendant police officers who were taking her to the 46th Precinct in the police car, did not loosen the cuffs for her.

63.     Plaintiff was taken to the 46th Precinct.

64.     At the 46th Precinct Defendants told Plaintiff's friend that if she would sign a statement saying that Plaintiff had sold her marijuana (which was not true), they would release Plaintiff's friend.

65.     Plaintiff's friend refused to lie, and was not released by Defendants, and was

10

processed through the system to arraignment.

66.     On information and belief, the charges against Plaintiff's friend were dismissed via an adjournment in contemplation of dismissal that was accepted at arraingnment.

67.     Plaintiff was strip searched at the 46th Precinct, on information and belief by Defendant PAMPHILE.

68.     After some hours at the 46th Precinct Plaintiff was taken to Central Booking, and then arraigned.

69.     Plaintiff was charged with sale and possession of marijuana.

70.     Although Plaintiff was originally released on her own recognizance, on August 26, 2009 bail was set in the amount of $1,000, which she was not able to post.

71.      Plaintiff was then remanded into custody and held at Rikers Island.

72.     On September 1, 2009, desperate to be released from jail and unable to make bail, Plaintiff pled guilty to one count of marijuana possession, and was sentenced to a $50 fine.  *See*, e.g., New York State Supreme Court Justice Emily Jane Goodman, *City Bail System Punishes the Poor, Report Finds*, Gotham Gazette, Dec. 4, 2010.

**The November 13, 2009 Incident**

73.     On November 13, 2009, Plaintiff and some friends were in an SUV and were going to a location where one of the friends thought they would be able to purchase some marijuana for recreational use.

74.     Plaintiff was a passenger in the SUV, in the rear middle seat.

75.     Plaintiff and her friends had not yet purchased any marijuana, nor had they yet approached anyone to inquire about purchasing marijuana.

11

76.     Neither Plaintiff nor her acquaintances had any marijuana, or any other contraband, in their possession.

77.     A police van pulled the SUV over, and a female JOHN DOE police officer stated in response to the driver's query that she stopped the truck due to tinted windows.

78.     The windows of the truck were not darkly tinted, however.

79.     Plaintiff asked the female JOHN DOE police officer what was going on, and the female JOHN DOE police officer responded that she did not know, but that they were asked to pull the SUV over, and that Plaintiff just needed to cooperate.

80.     A male, African-American JOHN DOE police officer, on information and belief Defendant AWANI, who had been driving the police van told Plaintiff and her friends to get out of the SUV.

81.     Plaintiff and her friends got out of the SUV.

82.     The male, African-American JOHN DOE police officer, on information and belief Defendant AWANI, then looked in the SUV and claimed to have found a bag of marijuana on the floor of the SUV by the seat where Plaintiff had been sitting.

83.     This was an outright lie.

84.     Plaintiff and her friends asked to see the marijuana that had allegedly been found, but that request was refused.

85.     The male, African-American JOHN DOE police officer, on information and belief Defendant AWANI, claimed that he had smelled marijuana and that had given him cause to search the truck.

86.     At some point plainclothes JOHN DOE police officers arrived at the scene in an

12

unmarked car.

87.     Plaintiff and her friends were placed under arrest.

88.     Plaintiff told the male, African-American JOHN DOE police officer, on information and belief Defendant AWANI, who drove the van that she had to urinate, and she was taken to the 46th Precinct to use the lavatory.

89.     While Plaintiff was in the 46th Precinct the male, African-American JOHN DOE police officer, on information and belief Defendant AWANI, drove Plaintiff's friends around the block, and said into the radio, in sum and substance, "what are they supposed to have?"

90.     A response came through the radio, saying, in sum and substance, "you know what they're supposed to have."

91.     The van returned to the 46th Precinct and Plaintiff was again placed into the van with her friends.

92.     Plaintiff and her friends were then driven around in the van again for approximately another 20-30 minutes, until a voice over the radio informed the driver that he could bring them into the precinct at that point.

93.     Plaintiff and her friends were then taken into the 46th precinct for processing.

94.     At the 46th Precinct Plaintiff saw Defendant GONZALEZ, who said to her, sarcastically, in sum and substance "now say that I set you up."

95.     Defendants threw away Plaintiff's medication without cause or justification.

96.     Plaintiff and her friends were all strip searched at the precinct.

97.     Plaintiff was strip searched by a female JOHN DOE Defendant.

98.     Prior to this arrest, Plaintiff had been posting fliers in the neighborhood

13

announcing the upcoming funeral of a friend.

99.   Plaintiff missed her friend's funeral due to this arrest.

100.   Plaintiff and her friends were charged with possession of marijuana.

101.   Defendant RAPP was the complainant on the Criminal Court complaint lodged against the Plaintiff and her friends, the factual portion of which alleges that, on or about November 13, 2009, at approximately 1:05 p.m. at the southwest corner of Davidson Avenue and West Tremont Avenue, Bronx, NY, he is informed by Defendant AWANI that Defendant AWANI observed that the truck had tinted windows, that when he approached the truck he noticed a distinctive odor, and observed all of the Plaintiff and her four friends to have in their "custody and control" one ziplock bag containing a substance believed to be marijuana that was allegedly found on the floor of the middle of the backseat.

102.   These allegations concerning the marijuana are outright lies.

103.   Plaintiff was arraigned on November 14, 2009 and released on her own recognizance.

104.   After a total of 3 court appearances, all charges against the Plaintiff were dismissed in their entirety on January 20, 2010.

**The February 4, 2010 Incident**

105.   On February 4, 2010 Plaintiff was walking in her neighborhood and stopped at the intersection of Grand Avenue and West 183rd Street, Bronx, NY

106.   Plaintiff stopped and had a conversation with a couple of acquaintances.

107.   Plaintiff did not exchange anything with either of these people.

108.   Plaintiff then went into a store to purchase some beer.

14

109.    On her way home from the store, JOHN DOE Defendants, on information and belief including Defendants GONZALEZ, GOMEZ, LITTLE, LOPEZ and MENA arrested Plaintiff, along with one of the acquaintances she had been speaking to.

110.    Plaintiff was taken for processing to the 46th Precinct.

111.    At the 46th Precinct Defendant GONZALEZ was smiling at her with a malevolent smile.

112.    At the 46th Precinct, Plaintiff's subsequent phone was vouchered and has not been returned to the present day, as it is being held by the property clerk as evidence, despite the dismissal of the charges against the plaintiff.

113.    Plaintiff was strip searched at the 46th Precinct, on information and belief by Defendant PAMPHILE.

114.    Defendant MENA was the complainant on the Criminal Court complaint lodged against the Plaintiff and her acquaintance, the factual portion of which alleges that, on or about February 4, 2010, at approximately 9:08 p.m. at the southwest corner of Grand Avenue and West 183rd Street, Bronx, NY, he is informed by Defendant LOPEZ that Defendant LOPEZ observed the Plaintiff have a conversation with a separately apprehended individual and give the separately apprehended individual a small object in exchange for money.

115.    Defendant MENA also states in the criminal court complaint that he observed what was believed to be marijuana in the pants pocket of the separately apprehended individual.

116.    Defendant CONTRERAS forwarded to the District Attorney's office a false report that the separately apprehended individual had said to him, "she gave me a bag of marijuana."

117.    Defendant GONZALEZ is listed on the NYPD's computerized arrest report as the supervisor approving the arrest.

118.    The arrest report was entered into the NYPD's computer system by Defendant GOMEZ.

119.    The arrest report has the alleged exchange of money for a small object taking place at a different location (the southeast corner of Buchanan Place and Davidson Avenue) than is indicated on the Criminal Court complaint.

120.    After a total of 5 court appearances, all charges against the Plaintiff were dismissed in their entirety on July 13, 2010.

## FIRST CLAIM

## DEPRIVATION OF RIGHTS UNDER THE
## UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

121.    The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

122.    By their conduct and actions in falsely arresting and imprisoning plaintiff, assaulting and battering plaintiff, abusing process against plaintiff, maliciously prosecuting plaintiff, trespassing upon plaintiff, violating rights to equal protection of plaintiff, violating rights to due process of plaintiff, violating and retaliating for plaintiff's exercise of her right to free speech and association (including her right to observe, record, and comment upon the activities of the police), invading plaintiff's privacy and strip searching plaintiff, fabricating an account and/or evidence concerning the arrests of plaintiff, failing to intercede on behalf of the plaintiff and in failing to protect the plaintiff from the unjustified and unconstitutional treatment she received at the hands of other defendants, defendants GONZALEZ, GOMEZ, LITTLE,

PAMPHILE, CONTRERAS, RAPP, AWANI, MENA, LOPEZ, DOES and/or ROES, acting under color of law and without lawful justification, intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its First, Fourth, and Fourteenth amendments.

123.    As a result of the foregoing, plaintiff was deprived of her liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## SECOND CLAIM

## DEPRIVATION OF RIGHTS UNDER THE
## UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

124.    The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

125.    By their conduct in failing to remedy the wrongs committed by their subordinates and in failing to properly train, supervise, or discipline their subordinates, supervisory defendants GONZALEZ and RICHARD ROES caused damage and injury in violation of plaintiffs' rights guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its First, Fourth, and Fourteenth amendments.

126.    As a result of the foregoing, plaintiff was deprived of her liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## THIRD CLAIM

17

## LIABILITY OF DEFENDANT THE CITY OF NEW YORK
## FOR CONSTITUTIONAL VIOLATIONS

127.    The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

128.    At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

129.    At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of failing to properly train, screen, supervise, or discipline employees and police officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants.  These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

130.    At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of encouraging and/or tacitly sanctioning the violation of and/or retaliation for individuals' exercise of free speech and association in a manner that affronts police officers or is interpreted by police officers as challenging their authority or documenting their misconduct, including the taking of photographs and video of police misconduct. These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

18

131.    At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had de facto policies, practices, customs and/or usages of encouraging and/or tacitly sanctioning the cover-up of other law enforcement officers' misconduct, through the fabrication of false accounts and evidence and/or through "the blue wall of silence."  Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

132.    As a result of the foregoing, plaintiff was deprived of her liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## FOURTH CLAIM

### RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK FOR STATE LAW VIOLATIONS

133.    The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

134.    The conduct of the individual defendants alleged herein, occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as New York City police officers, and/or while they were acting as agents and employees of the defendant THE CITY OF NEW YORK, and, as a result, the defendant THE CITY OF NEW YORK is liable to the plaintiff (for the November 13, 2009 and February 4, 2010 incidents) pursuant to the state common law doctrine of respondeat superior.

135.    As a result of the foregoing, plaintiff was deprived of her liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## FIFTH CLAIM

### ASSAULT AND BATTERY

136.    The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

137.    By the actions described above, defendants did inflict assault and battery upon the plaintiff.  The acts and conduct of defendants were the direct and proximate cause of injury and damage to the plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

138.    As a result of the foregoing, plaintiff was deprived of her liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## SIXTH CLAIM

### FALSE ARREST AND FALSE IMPRISONMENT

139.    The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

140.    By the actions described above, defendants caused plaintiff to be falsely arrested and imprisoned, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

141.    As a result of the foregoing, plaintiff was deprived of her liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and

expenses, and was otherwise damaged and injured.

## SEVENTH CLAIM

### VIOLATION OF RIGHT TO EQUAL PROTECTION OF LAW

142.    The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

143.    By the actions described above, defendants violated plaintiff's rights to equal protection of law.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

144.    As a result of the foregoing, plaintiff was deprived of her liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## EIGHTH CLAIM

### VIOLATION OF AND RETALIATION FOR THE EXERCISE
### OF RIGHTS TO FREE SPEECH AND ASSOCIATION

145.    The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

146.    By the actions described above, defendants violated, and retaliated for the exercise of, the free speech and association rights of plaintiff.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

147.    As a result of the foregoing, plaintiff was deprived of her liberty and property,

experienced pain and suffering, psychological and emotional injury, great humiliation, costs and

expenses, and was otherwise damaged and injured.

## NINTH CLAIM

### TRESPASS

148.    The plaintiff incorporates by reference the allegations set forth in all previous

Paragraphs as if fully set forth herein.

149.    The defendants willfully, wrongfully and unlawfully trespassed upon the person

of plaintiff.

150.    As a result of the foregoing, plaintiff was deprived of her liberty and property,

experienced pain and suffering, psychological and emotional injury, great humiliation, costs and

expenses, and was otherwise damaged and injured.

## TENTH CLAIM

### INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

151.    The plaintiff incorporates by reference the allegations set forth in all previous

Paragraphs as if fully set forth herein.

152.    By the actions described above, defendants engaged in extreme and outrageous

conduct, conduct utterly intolerable in a civilized community, which intentionally and/or

negligently caused severe emotional distress to plaintiff.  The acts and conduct of the defendants

were the direct and proximate cause of injury and damage to the plaintiff and violated her

statutory and common law rights as guaranteed by the laws and Constitution of the State of New

York.

153.    As a result of the foregoing, plaintiff was deprived of her liberty and property,

experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## ELEVENTH CLAIM

### NEGLIGENCE

154.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

155.     The defendants, jointly and severally, negligently caused injuries, emotional distress and damage to the plaintiff.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

156.     As a result of the foregoing, plaintiff was deprived of her liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## TWELFTH CLAIM

### NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION AND TRAINING

157.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

158.     Defendants THE CITY OF NEW YORK negligently hired, screened, retained, supervised and trained defendants.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

159.     As a result of the foregoing, plaintiff was deprived of her liberty and property,

experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## THIRTEENTH CLAIM

## CONSTITUTIONAL TORT

160.    Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

161.    Defendants, acting under color of law, violated plaintiff's rights pursuant to Article I, §§ 6, 8, 9, 11 and 12 of the New York State Constitution.

162.    A damages remedy here is necessary to effectuate the purposes of §§ 6, 8, 11 and 12 of the New York State Constitution, and appropriate to ensure full realization of plaintiff's rights under those sections.

163.    As a result of the foregoing, plaintiff was deprived of her liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## FOURTEENTH CLAIM

## MALICIOUS PROSECUTION

164.    The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

165.    By the actions described above, defendants maliciously prosecuted plaintiff without any right or authority to do so.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

166.    As a result of the foregoing, plaintiff was deprived of her liberty and property, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, costs and expenses, and was otherwise damaged and injured.

## FIFTEENTH CLAIM

### ABUSE OF PROCESS

167.    Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

168.    By the conduct and actions described above, defendants employed regularly issued process against plaintiff compelling the performance or forbearance of prescribed acts. The purpose of activating the process was intent to harm plaintiff without economic or social excuse or justification, and the defendants were seeking a collateral advantage or corresponding detriment to plaintiff which was outside the legitimate ends of the process.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

169.    As a result of the foregoing, plaintiff was deprived of her liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, costs and expenses, and was otherwise damaged and injured.

WHEREFORE, plaintiff demands the following relief jointly and severally against all of the defendants:

a.  Compensatory damages;

b.  Punitive damages;

c.  The convening and empaneling of a jury to consider the merits of the claims

herein;

d.  Costs and interest and attorney's fees;

e.  Such other and further relief as this court may deem appropriate and equitable.


Dated:        New York, New York
              February 18, 2011

                                    _____/S/_____
                                    JEFFREY A. ROTHMAN, Esq.
                                    315 Broadway, Suite 200
                                    New York, New York 10007
                                    (212) 227-2980
                                    Attorney for Plaintiff

26